## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KIRAN KUMAR MANDHADI,<br>96 Calvert Avenue East,<br>Edison, NJ 08820,<br><br>and<br><br>SRILAKSHMI PRIYA KUNKU,<br>96 Calvert Avenue East,<br>Edison, NJ 08820,<br><br>     Plaintiffs,<br><br>     v.<br><br>JEH CHARLES JOHNSON, Secretary,<br>U.S. Department of Homeland Security,<br>in his official capacity as well as his<br>successors and assigns,<br>245 Murray Lane, S.W.,<br>Building 410,<br>Washington, D.C.  20528,<br><br>     and<br><br>LORETTA LYNCH, Attorney General of<br>the United States, in her official<br>capacity as well as her successors and<br>assigns,<br>U.S. Department of Justice,<br>950 Pennsylvania Avenue, N.W.,<br>Washington, D.C. 20530-0001,<br><br>     and<br><br>LEON RODRIGUEZ,  Director, U.S.<br>Department of Homeland Security, U.S.<br>Citizenship and Immigration Services,<br>in his official capacity, as well as his<br>successors and assigns,<br>20 Massachusetts Avenue, N.W.,<br>Washington, D.C. 20529,<br><br>     and<br><br>DONALD NEUFELD, Associate<br>Director, Service Center Operations<br>Directorate, U.S. Department of<br>Homeland Security, U.S. Citizenship | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURES ACT**<br><br>**CIVIL ACTION NO._____**<br><br>**ALIEN NO.:  A205364661**<br><br>**AGENCY CASE NUMBERS:**<br>**20150863841HYD, 20151616581HYD,**<br>**EAC1509351777, WAC1214051945** |

1

and Immigration Services, in his             )
official capacity, as well as his            )
successors and assigns,                      )
20 Massachusetts Avenue, N.W.,               )
Washington, D.C. 20529,                      )
                                             )
          and                                )
                                             )
LAURA B. ZUCHOWSKI, Director,                )
Vermont Service Center, U.S.                 )
Department of Homeland Security, U.S.        )
Citizenship and Immigration Services,        )
in her official capacity, as well as her     )
successors and assigns,                      )
75 Lower Welden Street                       )
St. Albans, VT 05479,                        )
                                             )
          and                                )
                                             )
KATHY A. BARAN, Director, California         )
Service Center, U.S. Department of           )
Homeland Security, U.S. Citizenship          )
and Immigration Services, in her             )
official capacity, as well as her            )
successors and assigns,                      )
24000 Avila Road,                            )
Laguna Niguel, CA 92677,                     )
                                             )
          Defendants.                        )

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURES ACT

Plaintiffs, Kiran Kumar Mandhadi ("Plaintiff-husband"), and Srilakshmi Priya Kunku ("Plaintiff-wife"), through undersigned counsel, allege as follows.

## I.      INTRODUCTION

1.      Plaintiff-husband applied for an H4 Visa at the U.S. Consulate, in Chennai, India. His application for an H4 visa was denied because of a determination of inadmissibility, pursuant to 8 U.S.C. §1182(a)(6)(C)(i), entered into the relevant U.S. government databases by

a USCIS officer in the United States (the "Fraud Finding"). This determination of inadmissibility will prevent him from being issued any type of visa to enter the United States.

2.     This civil action seeks judicial review and challenges Defendants' action in unlawfully making a determination of inadmissibility against Plaintiff-husband pursuant to 8 U.S.C. §1182(a)(6)(C)(i) without following the required administrative procedures and Defendants' subsequent refusal to withdraw or remove this improper finding of inadmissibility against him from the relevant U.S. government databases.

3.     The Administrative Procedure Act ("APA") requires that administrative agencies not adjudicate matters presented to them in an "arbitrary" or "capricious" manner "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," "without observance of procedure required by law," or where "unsupported by substantial evidence."  5 U.S.C. §706(2).

4.     This action seeks injunctive and declaratory relief to compel the Department of Homeland Security ("DHS") to withdraw or remove the finding of inadmissibility pursuant to 8 U.S.C. §1182(a)(6)(C)(i) made against Plaintiff-husband. The APA provides that a person adversely affected by agency action is entitled to judicial review.  *See* 5 U.S.C. §702.  A reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. §706(1).

5.     Plaintiffs have made inquiries with the Department of State ("DOS"), the Department of Homeland Security ("DHS") and U.S. Citizenship and Immigration Services ("USCIS") regarding Defendant USCIS' action in entering the 8 U.S.C. §1182(a)(6)(C)(i) finding of inadmissibility, without success.  Plaintiffs note multiple agency errors and failures to follow proper law and procedure, which are the basis of this action.

6.     As a result, Plaintiff-husband suffers the hardships of unreasonably and unlawfully being deprived of admission to the United States, as detailed further herein. Plaintiff-wife is deprived of the company and support of her husband, and their six-year old daughter, until such time as he is issued a visa to enter the United States.

3

7.     The Service's finding of inadmissibility pursuant to 8 U.S.C. §1182(a)(6)(C)(i) was arbitrary and capricious.  The Defendants failed to observe established agency procedure, regulations and binding precedent decisions, in violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

8.     Plaintiffs seek an order from this Honorable Court directing Defendants to complete all necessary steps to withdraw the 8 U.S.C. §1182(a)(6)(C)(i) inadmissibility finding within thirty (30) days from an Order of this Court.

9.     Plaintiffs are entitled to attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. §504 and 28 U.S.C. §2412(d), *et seq.*

## II.     JURISDICTION

10.     This Honorable Court has subject matter jurisdiction over the claims alleged in this action under: (1) 28 U.S.C. §1331 (federal question jurisdiction), because Plaintiffs' claims arise under the laws of the United States, including 5 U.S.C. §§555 and 701, *et seq.* (APA), 8 U.S.C. §1101 *et seq.* (Immigration and Nationality Act) ("INA") (including 8 U.S.C. §§1182, 1184, 1201, 1202 and1204); and (2) 28 U.S.C. §1361 (Mandamus Act).  This court may grant relief in this action under 5 U.S.C. §§553, *et seq.* and §§701 *et seq.* (APA); 28 U.S.C. §§1361, *et seq.* (Mandamus Act), 28 U.S.C. §§651, *et seq.* (All Writs Act), and 28 U.S.C. §§2201, *et seq.* (Declaratory Judgment Act).

11.     This Honorable Court is not deprived of jurisdiction by 8 U.S.C. §1252, INA §242. *See*, *e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (finding that INA §242 does not bar a claim challenging agency authority that does not implicate discretion).  Generally, a narrower construction of a jurisdiction-stripping provision is favored over the broader one, as reflected by the "familiar principle of statutory construction: the presumption favoring judicial review of administrative action." *Kucana v. Holder*, 130 U.S. 827, 839 (2010).  Absent "clear and convincing evidence" of congressional intent specifically to eliminate review of certain

administrative actions, the above-cited principles of statutory construction support a narrow reading of the jurisdiction-stripping language of 8 U.S.C. §1252(a)(2)(B)(ii).  *Id.*, at 839.  *See also, Geneme v. Holder*, 935 F.Supp.2d 184, 192 (D.D.C. 2013) (discussing *Kucana*'s citation to the presumption favoring judicial review of administrative action when statute does not specify discretion).

12.     8 U.S.C. §1252(a)(5), INA §242(a)(5), provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]"  As the present action is not an action to review a removal order but an action challenging a decision by the Defendants to enter and not withdraw or remove a finding of inadmissibility pursuant to 8 U.S.C. §1182(a)(6)(C)(i), which finding was arbitrary, capricious, and contrary to law and settled agency practice, this Honorable Court retains original jurisdiction under the APA and 28 U.S.C. §1331, as well as for declaratory relief under 28 U.S.C. §2201.

13.     The statutory provision authorizing USCIS to make findings of inadmissibility nowhere specifies that the agency's decision is "in the discretion" of the Secretary of DHS or the Attorney General.  The authority to enter a finding pursuant to 8 U.S.C. §1182(a)(6)(C)(i) is not specified by statute to be discretionary.


### III.      VENUE

14.     Venue is properly with this Court, pursuant to 28 U.S.C. §1391(e)(1), because:

a.  Defendant Secretary Jeh Johnson is an officer of DHS and is responsible for the operation of DHS and the sub-agency USCIS, which are both headquartered in the District of Columbia.  Defendant Johnson performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

b. Defendant Attorney General Loretta Lynch is an officer of the Department of Justice ("DOJ"), which is headquartered in the District of Columbia. Defendant Lynch performs a significant amount of her official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

c. Defendant Leon Rodriguez is an officer of DHS and the Director of USCIS, which is headquartered in the District of Columbia.  Defendant Rodriguez performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

d. Defendant Donald Neufeld is an officer of DHS and Associate Director, Service Center Operations Directorate of USCIS, which is headquartered in the District of Columbia.  Defendant Neufeld performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

e. Defendant Laura B. Zuchowski is an officer of DHS and Director of the Vermont Service Center.  She performs her duties subject to the supervision of Defendant Neufeld.  Defendant Neufeld performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

f. Defendant Kathy A. Baran is an officer of DHS and Director of the California Service Center.  She performs her duties subject to the supervision of Defendant Neufeld.  Defendant Neufeld performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

g. A substantial part of the events or omissions giving rise to Plaintiffs' Complaint occurred within the offices of the DHS and USCIS, which are all headquartered in the District of Columbia; and

6

h.  Judicial economy and the interests of justice warrant that Plaintiffs' action be brought and decided in the District of Columbia, because the above-listed Defendant U.S. officials perform a significant amount of their official duties, and their agencies are all located, within the jurisdiction of this Honorable Court, or are subject to the direction of their Agency Director who is similarly located within the District of Columbia.

15.    Due to the decentralized nature of USCIS case processing, which allows for the transfer of nonimmigrant benefit Petitions, Applications, and other filings to any USCIS facility located anywhere in the United States of America, at any time, venue is only appropriate in the District Court for the District of Columbia.


## IV.    PARTIES

16.    Plaintiff-husband Kiran Kumar Mandhadi is a citizen and national of India, and was previously an employee of GenuineIT.  He is currently unemployed. He currently resides at 12/60 Chengalvarayan St, Triplicane, Chennai, Tamil Nadu, India 600005. If the fraud finding against him is rescinded, he will resume his residence with his wife at 96 Calvert Avenue East, Edison, NJ 08820.  *See Affidavit of Kiran Kumar Mandhadi* dated February 19, 2016, a copy of which is attached and incorporated hereto as Exhibit A.

17.    Plaintiff-wife, Srilakshmi Priya Kunku, is a citizen and national of India, and is the wife of Plaintiff-husband Kiran Kumar Mandhadi.  She resides at 96 Calvert Avenue East, Edison, NJ 08820.  *See Affidavit of Srilakshmi Priya Kunku*, dated February 10, 2016, a copy of which is attached and incorporated hereto as Exhibit B.

18.    Jeh Johnson is the Secretary of the DHS and this action is brought against him in his official capacity only, as well as his successors and assigns.  He is charged with overseeing the DHS, which includes sub-agency USCIS, and with implementing the INA.  He is further authorized to delegate certain powers and authority to subordinate employees of USCIS, which

is an agency within the DHS.  DHS is headquartered at 245 Murray Lane, S.W., Washington, D.C. 20598.

19.     Loretta Lynch is the Attorney General of the United States and this action is brought against her in her official capacity only, as well as her successors and assigns.  She is charged with certain functions involved in the implementation of the INA.  The DOJ is headquartered at 950 Pennsylvania Avenue, N.W., Washington, D.C.  20530-0001.

20.     Leon Rodriguez is the Director of the USCIS, who is named herein only in his official capacity, as well as his successors and assigns.  He is generally charged with the implementation of the INA, and is further authorized to delegate certain powers and authority to subordinate employees of the USCIS.  USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, D.C. 20529.

21.     Donald Neufeld is the Associate Director, Service Center Operations Directorate of USCIS, who is named herein only in his official capacity, as well as his successors and assigns.  He is generally charged with overseeing all the activities of the four (4) regional Service Centers of USCIS, and is further authorized to delegate certain powers and authority to subordinate employees of USCIS. USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, D.C. 20529.

22.     Laura B. Zuchowski is the Director of the USCIS Vermont Service Center, 75 Lower Welden Street, St. Albans, VT 05479, and is named herein only in her official capacity, as well as her successors and assigns.  The finding of inadmissibility pursuant to 8 U.S.C. §1182(a)(6)(C)(i) may be related to an I-129 or I-140 Petition adjudicated at the Vermont Service Center.  *See* Exhibit A.

23.     Kathy A. Baran is the Director of the USCIS California Service Center, 24000 Avila Road, 2nd Floor, Room 2312, Laguna Niguel, CA  92677, and is named herein only in her official capacity, as well as her successors and assigns. The finding of inadmissibility pursuant

to 8 U.S.C. §1182(a)(6)(C)(i) may be related to an I-129 or I-140 Petition adjudicated at the California Service Center.  *See* <u>Exhibit A</u>.

## V.        STATEMENT OF FACTS

### A.    Case History

24.    After completing his undergraduate studies in India, Plaintiff-husband traveled to the U.S. to pursue his Master's Degree at the University of Houston.  As part of his studies, he was approved for Optional Practical Training ("OPT") and gained practical experience by working for three companies, one of which was named GenuineIT.  *See* <u>Exhibit A</u>

25.    Plaintiff-husband continued to work in the U.S. in H1B status and was sponsored for a green card by Virgo, Inc.  *See* <u>Exhibit A</u>

26.    Virgo, Inc. is a company incorporated in the State of Pennsylvania and engaged in the business of Information Technology consulting.

27.    Virgo, Inc. filed a Labor Certification application and an I-140 petition for Plaintiff-husband in 2011.  *See* <u>Exhibit A</u>

28.    Another company, Isync Solutions, Inc., offered Plaintiff-husband a position and began the green card process for him.  *See* <u>Exhibit A</u>

29.    Isync Solutions, Inc. is a company incorporated in the State of Pennsylvania and engaged in the business of Information Technology consulting.

30.    Isync Solutions, Inc. filed a Labor Certification and an I-140 petition for Plaintiff-husband in 2012.  *See* <u>Exhibit A</u>

31.    Both of these Labor Certifications were certified by the U.S. Department of Labor and both I-140 petitions were approved by USCIS.  *See* <u>Exhibit A</u>.

32.    As part of the preparation of these Labor Certifications, Plaintiff-husband was asked to share his employment history and qualifications.  He gave most of his employment history to Virgo, Inc. and Isync Solutions, Inc., but Plaintiff-husband did not reveal that he had

created his own company that was <u>also</u> called "GenuineIT," but which was a completely separate company from the "GenuineIT" that was his employer, had a different FEIN number, and was incorporated in a different state.  *See* <u>Exhibit A</u>

33.      Plaintiff-husband traveled back to India in August 2013 for a three week vacation. He applied for a new H1B Visa stamp based on the H1B petition approval issued for Ochziff Capital Management, to employ him.  On August 23, 2013, Plaintiff-husband was refused the H1B visa by the U.S. Consulate pursuant to INA §212(a)(6)(C)(i), 8 U.S.C. §1182(a)(6)(C)(i). *See* <u>Exhibit A</u>.   *See also* <u>Exhibit C</u>.   The U.S. Consulate issued a written denial of this visa application in October 2013.  *See* <u>Exhibit D</u>.

34.      Plaintiff-husband later applied for an H4 "dependent" visa based upon his wife's H1B status.  On December 10, 2014, the U.S. Consulate refused the H4 Visa pursuant to INA §212(a)(6)(C)(i).  *See* <u>Exhibit A</u>.  *See also* <u>Exhibit E</u>.

35.      Prior to August 2013, Plaintiffs had no knowledge of any fraud finding made under INA §212(a)(6)(C)(i) against Plaintiff-husband.  To date, the only documentation provided to Plaintiff-husband about his INA §212(a)(6)(C)(i) finding is the two visa application refusals, issued by a U.S. Consulate in October 2013 and February 2015.  *See* <u>Exhibit D</u> and <u>Exhibit F</u>.


**B.      Exhaustion of Administrative Remedies**

36.      Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

37.      The August 23, 2013, October 3, 2013, December 10, 2014, and February 5, 2015 visa refusals pursuant to INA §212(a)(6)(C)(i), do not provide any avenue for Plaintiffs to seek the withdrawal or removal of the Fraud Finding.  *See* <u>Exhibit C</u>, <u>Exhibit D</u>, and <u>Exhibit E</u>.

38.      There are no further administrative remedies available to Plaintiffs to redress the grievances described herein.

## VI.        GROUNDS FOR RELIEF

39.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

40.     Plaintiffs are entitled to judicial review under 28 U.S.C. §1331 and 5 U.S.C. §702.

41.     Plaintiffs seek judicial review of the USCIS decision to make a finding of inadmissibility pursuant to 8 U.S.C. §1182(a)(6)(C)(i), barring Plaintiff-husband from eligibility for any immigration benefit, particularly issuance of a visa and admission to the United States.

42.     Plaintiffs seek judicial review of Defendants' decision to not subsequently remove or withdraw the Fraud Finding pursuant to 8 U.S.C. §1182(a)(6)(C)(i) made against Plaintiff-husband.

43.     This action arises under the Constitution of the United States; the INA, 8 U.S.C. §1101 *et seq.;* 28 U.S.C. §1331; and the APA, 5 U.S.C. §701 *et. seq.*  This Honorable Court has jurisdiction under 5 U.S.C. §703 and 28 U.S.C. §1331, as well as under 28 U.S.C. §2201 and §2202 (relating to the Courts' ability to fashion appropriate remedies).  This Court may grant declaratory relief in this action under 28 U.S.C. § 2201, *et seq.* (Declaratory Judgment Act); 5 U.S.C. §701 *et seq.* (Administrative Procedure Act); and 28 U.S.C. § 651, *et seq.* (All Writs Act).

44.     Defendants' making of the inadmissibility finding without a meaningful review of the evidence available to the adjudicator is in violation of Plaintiffs' right to due process of law pursuant to the Fifth Amendment to the United States Constitution.  This decision is therefore subject to review under 5 U.S.C. § 706(2)(D).

45.     Defendants' refusal to disclose the existence of this finding of inadmissibility, which agency of the U.S. Government made the Fraud Finding, and the basis for the Fraud Finding is in violation of Plaintiffs' right to due process of law under the Fifth Amendment of the United States Constitution.   This decision is therefore subject to review under 5 U.S.C. § 706(2)(A).

46. Defendants' refusal to withdraw this finding of inadmissibility without a meaningful review of the substantial evidence available to the adjudicator is in violation of Plaintiffs' right to due process of law under the Fifth Amendment of the United States Constitution. This decision is therefore subject to review under 5 U.S.C. § 706(2)(A).

47. Beyond the arbitrary and capricious nature of Defendants' decision to enter a fraud determination on or about November 16, 2012, Plaintiffs also present a question of pure law.

48. The INA provides that "admission to the United States of any alien as a nonimmigrant shall be for such time and under such conditions as the Attorney General may by regulations prescribe." 8 U.S.C. §1184(a)(1).

49. The INA provides that "any alien who, by fraud or willfully misrepresenting a material fact" tries to obtain an immigration benefit "is inadmissible." 8 U.S.C. §1182(a)(6)(C)(i).

50. While USCIS as an agency is granted broad discretion, that discretion is not unfettered. *See* 5 U.S.C. §706.

51. Defendants are required by 5 U.S.C. §555(e) to provide the reasons for their denial of a request for "made in connection with any agency proceeding" in a written statement to Plaintiff-husband.

52. The duty imposed by 5 U.S.C. §555(e) is also required by agency regulation and Precedent Decisions governing the actions of employees of DHS and DOJ. *See* 8 C.F.R. §103.3(a)(1) (requiring a decision be issued with specific reasons), and 8 C.F.R. §103.37(g) (requiring DHS employees to follow Precedent Decisions). *See also In re Air India "Flight No. 101"*, 21 I. & N. Dec. 890 (BIA 1997) (holding that a decision to fine a party must specifically state reasons for its imposition), and *Matter of M-P-*, 20 I. & N. Dec. 786 (BIA 1994) (holding that the reasons for a denial must be fully explained).

53. Defendants must carefully establish, based on facts in the record of the administrative proceeding, that an act of fraud or willful misrepresentation of material facts was

committed by an applicant before concluding that he or she is subject to 8 U.S.C. §1182(a)(6)(C)(i).  *See Matter of Healy and Goodchild*, 17 I. & N. Dec. 22, 28 (BIA 1979) ("given the harsh consequences of a finding of inadmissibility" for fraud or misrepresentation "the factual basis of such finding should be subject to close scrutiny").  *See also Matter of Shirdel*, 19 I. & N. Dec. 33, 35 (BIA 1984) ("closely scrutinize the factual basis for a possible finding" of fraud or misrepresentation).

54.     Defendants therefore cannot ignore or discount the absence of evidence in the administrative record without a rational basis. Nor can the agency ignore or discount the presence of evidence without a rational basis.  If it follows either course, such action is considered arbitrary and capricious and is considered an abuse of discretion. *See* 5 U.S.C. §706.

   a.   "[A]n agency's refusal to consider evidence bearing on the issue before it constitutes arbitrary action within the meaning of §706."  *Butte County v. Hogen*, 613 F.3d 190 (D.C. Cir. 2010).

   b.   "[S]ince the statute makes motive critical, he [the alien found subject to 8 U.S.C. §1182(a)(6)(C)(i)] must provide some evidence of it, direct or circumstantial." *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992).  There must be some evidentiary basis for USCIS to conclude that a person is inadmissible under 8 U.S.C. §1182(a)(6)(C)(i). *See* <u>PM</u> Vol. 8, Part J, Chap. 3, §A.1.

55.     8 U.S.C. §1182(a)(6)(C)(i) was enacted to provide a basis for refusing admission to the United States of those aliens who commit fraud or willfully make a material misrepresentation to obtain an immigration benefit.

56.     An alien is not subject to the penalties of 8 U.S.C. §1182(a)(6)(C)(i) if "there is no evidence that the alien presented or intended to present fraudulent documents or documents containing material misrepresentations" to USCIS.  *Matter of D-L- and A-M-*, 20 I. & N. Dec. 409, 412 (BIA 1991).

57.     To conclude that an alien committed fraud according to 8 U.S.C. §1182(a)(6)(C)(i), the Defendants are required to find that he or she falsely represented a material fact, that the alien knew of its falsity, that the alien intended to deceive a government official empowered to act upon that request, and that USCIS or a Consular Officer believed the falsity and acted based on it to issue a visa or other benefit under the INA.  *See* <u>PM</u> Vol. 8, Part J, Chap. 2, §C (reviewing the requirements for finding commission of fraud by alien).  *See Matter of G-G-*, 7 I. & N. Dec. 161 (BIA 1956) (explaining the legal standard necessary for a fraud finding).

58.     A material misrepresentation finding pursuant to 8 U.S.C. §1182(a)(6)(C)(i) requires Defendants to find that an alien falsely represented a material fact and that the misrepresentation was willful.  *See* <u>PM</u> Vol. 8, Part J. Chap. 2 §B (reviewing the elements for finding a material misrepresentation under 8 U.S.C. §1182(a)(6)(C)(i)).  *See Matter of Kai Hing Hui*, 15 I. & N. Dec. 288 (BIA 1975) (finding a material misrepresentation after consideration of evidence in the records) and *Healy and Goodchild*, 17 I. & N. Dec. at 28 (reversing misrepresentation finding when alien presented an "explanation…plausible, if not compelling"). Defendants must be able to establish the materiality of a misrepresentation by showing either that Plaintiff-husband "is excludable [*i.e.*, inadmissible] on the true facts" or that Plaintiff-husband's "misrepresentation tend[ed] to shut off a line of inquiry, which is relevant to the alien's eligibility and which might well have resulted in a proper determination that he be [inadmissible]."  *Matter of S- and B-C-*, 9 I. & N. Dec. 436, 447 (BIA 1961).  *See Kungys v. U.S.*, 485 U.S. 759 (1988) (holding "whether…concealments or misrepresentations were material is whether they had a natural tendency to influence the decisions" of the government).

59.     A misrepresentation is "willful" if Defendants can establish that the presentation or withholding of facts, to obtain an immigration benefit, was "deliberately made with knowledge of their falsity."  *Matter of S- and B-C-*, 9 I. & N. Dec. 436, 445 (BIA 1960; A.G. 1961).  *See* <u>PM</u> Vol. 8, Part J, Chap. 3, §D (explaining willfulness requires showing misrepresentation was made

knowingly, intentionally, and deliberately")

60.    8 USC §1182(b) provides that when a determination is made pursuant to 8 U.S.C. §1182(a)(6)(C)(i) the subject alien **must** be given notification regarding the inadmissibility finding.

61.    The purpose of the 8 USC §1182(b) notification is to give the affected alien an opportunity to challenge and rebut the finding under 8 U.S.C. §1182(a)(6)(C)(i) and the factual basis for it being drawn against him or her.

62.    The Adjudicator's Field Manual §40.6.2(c)[1] provided USCIS officers with a summary of the binding Precedent Decisions explaining how to comply with the requirements of these decisions when making a finding of fraud or material misrepresentation pursuant to 8 U.S.C. §1182(a)(6)(C)(i).   The instructions to USCIS officers on how to implement 8 U.S.C. §1182(a)(6)(C)(i) are now in PM, Vol. 8, Part J, Chaps. 1-3. *See* Exhibit G.

63.    The alien carries the burden pursuant to 8 USC §1361 to demonstrate that she is not inadmissible by a preponderance of the evidence.   *See Matter of Rivero-Diaz*, 12 I. & N. Dec. 475, 476 (BIA 1967) ("the burden of proof is upon the applicant for admission for establishing that he is not subject to exclusion"), and *Matter of Chawathe*, 25 I. & N. Dec. 369, 375 (AAO 2010) (holding that the standard of proof is a preponderance of the evidence).

64.    "If there is no evidence the applicant obtained or sought to obtain some benefit under the INA by fraud or willful misrepresentation, USCIS should find that the applicant has met the burden of proving that he…is not inadmissible under this ground [INA §212(a)(6)(C)(i)]." PM, Vol. 8, Part J, Chap. 3 §A.2. *See* Exhibit G.

65.    Defendant USCIS directs officers that the alien burdened with proving his or her admissibility satisfies their duty under 8 U.S.C. §1361 by "establishing at least one of" five (5) criteria: the absence of fraud or misrepresentation, the absence of intent or willfulness, the

---

[1] The Adjudicator's Field Manual (AFM) is the manual used by USCIS officers detailing the agency's policies and procedures.   *See* AFM §1.1, in Exhibit H.   USCIS is slowly replacing it with a new Policy Manual, and on February 25, 2016 replaced its guidance on 8 U.S.C. §1182(a)(6)(C)(i).   *See* Exhibit G.

immateriality of any concealment or misrepresentation, or the purpose of a concealment or misrepresentation was not for acquiring an immigration benefit.  *See* PM Vol. 8, Part J, Chap. 3 §A.2. *See* Exhibit G, pages 20-22.

66.     Defendants have a legal duty to give an alien notice of the finding and opportunity to submit evidence for consideration on his or her behalf.  *See* 8 U.S.C. §1182(b) (requiring notice to an affected alien) and 8 C.F.R. §103.2(b)(16) (requiring that an "applicant" be given an opportunity to address derogatory information in the record of proceeding). *See* Exhibit G.

67.     Defendants entered a finding of fraud pursuant to 8 U.S.C. §1182(a)(6)(C)(i) without giving Plaintiff-husband notice or an opportunity to meet their burden.

68.     Defendants maintained the 8 U.S.C. §1182(a)(6)(C)(i) finding against Plaintiff-husband even after being provided evidence and testimony showing that Plaintiff-husband did not commit fraud or willfully misrepresent any facts.

69.     Defendants maintained the Fraud Finding despite the submission of countervailing evidence and testimony into the record.

70.     Plaintiffs have exhausted available administrative remedies by communicating with the Department of State, DHS and USCIS. There is no further administrative review available. There is no other appropriate judicial remedy.

71.     This case is ripe for review, as USCIS issued the Fraud Finding and the U.S. Consulate has refused to issue an H1B or H4 visa to Plaintiff-husband based upon the USCIS fraud finding.

72.     Should the Court refuse to consider this case, Plaintiffs will suffer hardship in denying Plaintiff-husband the ability to seek entry to the United States and reside there with his wife.

73.     The standard of review that must be applied in this case is the "substantial evidence" test under 5 U.S.C. §706(2)(E). The USCIS decision to make a "fraud" determination

was clearly an adjudicatory hearing designed to produce a record that is to be the basis of agency action. *See* 5 U.S.C. §706(2)(E).

74.     Plaintiffs have made multiple attempts to communicate with the appropriate officials amongst the Defendants to explain that the inadmissibility finding pursuant to 8 U.S.C. §1182(a)(6)(C)(i) was incorrect and was made without any notice to the Plaintiff-husband.

75.     Plaintiffs have made multiple attempts to communicate with the appropriate official amongst the Defendants to request guidance on how to remove the 8 U.S.C. §1182(a)(6)(C)(i) finding against Plaintiff-husband.

76.     The documents that Plaintiffs received from Defendants failed to identify any basis for the Fraud Finding.

77.     The documents that Plaintiffs received from Defendants failed to confirm that the Fraud Finding could be or was lawfully entered by Defendants.

78.     The USCIS agency communications made through intermediaries are "patently unresponsive" to the substance of the evidence submitted and the decision was not "based on consideration of the relevant factors." *Maryland People's Counsel v. FERC*, 761 F.2d 768, 779 (D.C. Cir. 1985).

79.     The USCIS decision that a Fraud Finding was appropriate before any evidence was submitted by Plaintiff-husband warrants no deference whatsoever, as this determination by the Service fails the "substantial evidence" test.  USCIS failed to consider all of the evidence in the record and therefore the Service's decision is not supportable.

80.     The USCIS decision that Plaintiff-husband, as the beneficiary of the I-129 Petition, showed an intent to deceive USCIS or to make a material misrepresentation to obtain an immigration benefit was an arbitrary and capricious decision and not supported by substantial evidence in the record.  5 U.S.C. §706(2)(A) and (E).

81.     The USCIS decision that Plaintiff-husband, as the beneficiary of the I-129 Petition, showed an intent to deceive USCIS or to make a material misrepresentation to obtain

an immigration benefit was in violation of the procedures required by law.  5 U.S.C. §706(2)(D).

82.     In the alternative, a *de novo* standard of review under 5 U.S.C. §706(2)(F)(i) should be applied because the actions at issue in this case are "adjudicatory in nature and the agency fact finding procedures are inadequate."

83.     As such, the Court should review *de novo* all of the evidence Plaintiff-husband has submitted in support of his position that he did not commit fraud, as defined by 8 U.S.C. §1182(a)(6)(C)(i).

84.     As such, the Court should review de novo all of the evidence Plaintiff-husband has submitted in support of his position that he did not willfully misrepresent any material facts, as defined by 8 U.S.C. §1182(a)(6)(C)(i).

85.     The Defendants' refusal to give Plaintiffs an opportunity to be heard and grant their request for withdrawal of the 8 U.S.C. §1182(a)(6)(C)(i) finding is based not only on legal and factual errors, but "gross distortion[s] of the record."  *Karagholi v. INS*, 409 U.S. 1086, 1089 (U.S. 1972).  This action is therefore reviewable under 5 U.S.C. §704, "wherein '[agency] action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action.'" *Id.*

## VII.     CLAIMS FOR RELIEF

### Count I

### (Immigration and Nationality Act and Administrative Procedure Act)

86.     The Plaintiffs incorporate by reference all prior paragraphs, as though fully set forth herein.

87.     Plaintiffs have the right to review of the agency decision under 5 U.S.C. §702.

88.     The Defendants' actions violate federal regulations, Precedent Decisions, the INA, and the APA. The Defendant's actions in refusing Plaintiffs' multiple requests for a

withdrawal of the Fraud Finding without any apparent consideration of the evidence and testimony that were not available when the finding was made, constitutes agency action that is arbitrary, capricious, an abuse of discretion, and not in accordance with law under 5 U.S.C. §706(2)(A).

89.     The Defendants' actions violate federal regulations, Precedent Decisions, the INA and the APA. Defendants' failure to correct agency errors and to even continue to commit additional errors in the refusal to withdraw the 8 U.S.C. §1182(a)(6)(C)(i) finding after becoming aware of agency errors constitutes an agency action without observance of procedure required by law under 5 U.S.C. §706(2)(D).

90.     The Defendants' actions violate federal regulations, the INA, and the APA. The Defendants ignored or discounted substantial evidence in the administrative record. The Defendants' refusal to consider key evidence provided by Plaintiffs constitutes an agency decision unsupported by substantial evidence under 5 U.S.C. §706(2)(E).

91.     The Defendants' actions violate federal regulations, Precedent Decisions, the INA, and the APA. The Defendants' refusal to consider key evidence provided by Plaintiff-husband in support of his request for withdrawal of the 8 U.S.C. §1182(a)(6)(C)(i) finding made against him constitutes an agency decision unsupported by substantial evidence under 5 U.S.C. §706(2)(E).

## Count II

### (U.S. Constitution, Fifth Amendment, Due Process Clause)

92.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

93.     Defendants' actions in determining that Plaintiff-husband is ineligible for admission pursuant to 8 U.S.C. §1182(a)(6)(C)(i) as described above constitute a deprivation of liberty without a meaningful review of the substantial evidence by the adjudicator in violation of Plaintiffs' right to due process under the Fifth Amendment of the United States Constitution.

94.     Defendants' actions in the making of the 8 U.S.C. §1182(a)(6)(C)(i) finding against Plaintiff-husband while refusing to acknowledge or address all of the evidence in the record, when the finding was entered, and the evidence submitted thereafter constitute a deprivation of liberty without a meaningful review of substantial evidence by the adjudicator in violation of Plaintiffs' right to due process under the Fifth Amendment of the United States Constitution.

95.     Defendants' decision to not remove or withdraw the 8 U.S.C. §1182(a)(6)(C)(i) finding made against Plaintiff-husband constitutes a deprivation of liberty without a meaningful review of substantial evidence by the adjudicator in violation of Plaintiffs' right to due process under the Fifth Amendment of the United States Constitution.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

(1)   Reverse the USCIS decision and order USCIS to withdraw the 8 U.S.C. §1182(a)(6)(C)(i) finding against Kiran Kumar Mandhadi under 5 U.S.C. §706(2)(F);

(2)   Reverse Defendant USCIS's decision and order that the 8 U.S.C. §1182(a)(6)(C)(i) finding be purged from all databases utilized by Defendants to adjudicate the admissibility of Kiran Kumar Mandhadi to the United States under 5 U.S.C. §706(2)(F);

(3)   Declare that the agency action in this case was "arbitrary and capricious" thus violating the APA;

(4)   Declare unlawful and set aside the Defendant USCIS actions, findings, and conclusions regarding the finding of inadmissibility made pursuant to 8 U.S.C. §1182(a)(6)(C)(i), against Kiran Kumar Mandhadi, in accordance with this decision under 5 U.S.C. §702;

(5)   Grant reasonable attorneys' fees and costs as provided under the Equal Access to Justice Act and the APA.

(6)   Grant such further relief as this court deems reasonable and appropriate.


Respectfully submitted on this 14th day of April 2016.


/s/ Brian S. Green_____
Brian S. Green, Esq.
U.S. District Court Bar # PA86888
Murthy Law Firm
10451 Mill Run Circle, Suite 100
Owings Mills, MD  21117
(410) 356-5440

Attorneys for Plaintiffs